United States District Court
Southern District of Texas
**ENTERED**
August 13, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Vladislav Kvade, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-4101 |
| | § | |
| Markwayne Mullin, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Vladislav Kvade is a native of Ukraine and citizen of Russia. Doc. 10-1. In 2024, Petitioner presented himself at a port of entry to the United States and requested asylum. Petitioner was detained at that time for failure to possess a valid entry document. Docs. 1 ¶ 27; 10-1. An immigration judge found Petitioner's fear credible and ordered withholding of removal to Russia but denied his asylum claim and instead ordered him removed to Ukraine. Doc. 1-2 at 13, 19. On appeal, the Board of Immigration Appeals ("BIA") affirmed the denial of asylum but remanded the case for further determination of the withholding of removal to Russia. Doc. 1-2 at 22, 24–25. On remand, the immigration judge yet again ordered Petitioner removed to Ukraine and withheld removal to Russia. Doc. 1 ¶ 34. Petitioner again appealed, and that appeal remains pending. *Id.*; Doc. 1-2 at 27.

Petitioner is currently in the custody of Respondent, Warden of the Houston Contract Detention Center, in Houston, Texas. Doc. 1 ¶ 29. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond

hearing violates substantive due process and procedural due process. Doc. 1 ¶¶ 60–74. Petitioner also seeks an order from the Court that Respondent provide at least thirty days' written notice of any proposed third-country removal. *Id.* ¶¶ 75–78.

Now before the Court is Respondent's Motion for Summary Judgment, Doc. 11, to which Petitioner has responded in opposition.[1] Doc. 12. Respondent maintains that Petitioner is subject to mandatory detention without a bond hearing under the Immigration and Naturalization Act.[2]

This Court has previously resolved the precise constitutional challenges to detention raised by Petitioner, noting that aliens detained pending an asylum determination have "only those rights regarding admission that Congress has provided by statute." *Hossain v. Thompson*, 4:26-cv-3182 at 5 (citing *Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 140 (2020)). Accordingly, for aliens such as Petitioner, detention pending a final asylum determination is both demanded by the Immigration and Nationality Act and a

---

[1] In his Reply, Petitioner principally relies on the Fifth Circuit's panel opinion in *Sosnava Rodriguez v. Ortega*, but the Circuit has since ordered the cause reheard *en banc* and vacated that opinion pursuant to Fifth Circuit Rule 41.3. *See* On Petition for Rehearing En Banc, No. 26-50183, (5th Cir. July 10, 2026), Doc 174-1. As such, the Court is not bound by the panel opinion's holding or rationale.

[2] Respondent characterizes Petitioner's detention as pursuant to 8 U.S.C. § 1225(b)(2). Doc. 10 at 2. But Section 1225(b)(2) explicitly excludes from its purview those aliens "detained for further consideration of the[ir] application for asylum" under 8 U.S.C. § 1225(b)(1)(B)(ii). *See* 8 U.S.C. § 1225(b)(2)(B)(ii). Because Petitioner's asylum determination remains pending on appeal, his detention is mandated by 8 U.S.C. § 1225(b)(1)(B)(ii), not 8 U.S.C. § 1225(b)(2).

constitutionally permissible part of the asylum application and removal process. *See id.* at 4–5.

As to Petitioner's request for thirty days proposed notice of any proposed country of removal, this Court previously rejected a nearly identical request as unripe. *See Ghidarpour v. Mullin*, No. 4:26-cv-4685, slip op. at 4–5 (S.D. Tex. Aug. 4, 2026). In *Ghidarpour*, the Court found that petitioner's request unripe because the Department of Homeland Security had not yet identified a third country for her removal. *See id.* Like Ghidarpour, here, Petitioner has not alleged that Respondent has identified a third country for his removal. *See* Doc. 1 ¶¶ 75–78. Quite to the contrary, Petitioner remains in custody pending an asylum determination. Doc. 1 ¶ 29. Absent specific allegations that Petitioner will be denied the statutory protections to which he is entitled, his request is nothing more than an "abstract or hypothetical" claim for relief. *See Ghidarpour*, No. 4:26-cv-4685, slip op. at 5 (quoting *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012)). Because it is unripe, the Court must dismiss his claim for lack of subject matter jurisdiction. *Id.* (citing *Choice Inc. of Tex.*, 691 F.3d at 714–15).

Thus, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 13th of August, 2026.

_____
Nicholas J. Ganjei
United States District Judge